**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1885C
(Filed December 20, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
ALAN DALE WARREN,                *
                                 *
              Plaintiff,         *
                                 *
   v.                            *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

**FILED**
**DEC 2 0 2017**
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

    This case was filed *pro se* on December 4, 2017, by Alan Dale Warren, an inmate in a Texas state prison. *See generally* ECF No. 1. On December 12, 2017, the Clerk's office received another package of materials from plaintiff, which was not filed when received because it was not apparent that the package contained the sort of paper recognized by this court's rules for filing, such as a pleading, motion, or brief, *see* Rule 7 of the Rules of the United States Court of Federal Claims (RCFC). A review of these materials shows that the package consists of one handwritten, signed paper from the plaintiff referencing this lawsuit and additional allegations; a copy of a handwritten page, presumably by the plaintiff, which discusses administrative procedures for raising grievances with prison officials; and four grievance forms he submitted to prison authorities. It appears that Mr. Warren is trying to amend his original complaint with this supplemental material. Thus, the Clerk's office shall treat this package as an amendment to the complaint and file it as such.

    Because of the review necessitated by the receipt of these supplemental materials, the Court has had the opportunity to determine whether Mr. Warren's case presents any claims within our subject-matter jurisdiction. While much of what Mr. Warren alleges is difficult to understand, one thing is clear---his case does

7017 1450 0000 1346 0454

not concern anything that this court is empowered to entertain. Plaintiff seeks to remedy grievances with state-prison officials, employees, and inmates. The Tucker Act grants this court jurisdiction over cases seeking damages against the United States government for claims founded upon the Constitution, statutes, or regulations of the United States, as well as damages for breaches of contracts with the United States. 28 U.S.C. § 1491(a)(1). Congress has specifically withheld from our subject-matter jurisdiction cases for damages that sound in tort. *Id.*

Plaintiff alleges the theft of his property and his identity by various individuals, not one of whom is a federal official. As his case centers around complaints about allegedly tortious conduct by state-prison officials and private parties, our court lacks the authority to hear the matter. *Id.*; *see Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018–19 (1978). The case is therefore **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(h)(3). Because the lack of jurisdiction was identified early in the process, before many resources were expended in addressing the matter, and taking into consideration Mr. Warren's obvious confusion about the type of cases our court can hear, the Court has concluded that plaintiff may be relieved of the need to pay the filing fee. Accordingly, his application to proceed *in forma pauperis*, ECF No. 4, is **DENIED-AS-MOOT**.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge